UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNA MONTALVO,

        *Plaintiff*,

-against-

MICHELE VOZZELLA SPEECH THERAPY PLLC (D/B/A THRIVE TOGETHER SPEECH THERAPY), and MICHELE VOZZELLA,

        *Defendants.*

**COMPLAINT**

Plaintiff Anna Montalvo ("Plaintiff" or "Ms. Montalvo"), by and through her attorneys, Sacco & Fillas LLP, alleges upon personal knowledge as to her own acts and experiences, and upon information and belief as to all other matters, as against Defendants Michele Vozzella Speech Therapy PLLC (d/b/a Thrive Together Speech Therapy), and Michele Vozzella (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Montalvo brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), §§ 190 et seq. and 650 et seq., including violations of the Miscellaneous Industry Wage Order (12 N.Y.C.R.R. § 142-2.4), and seeks applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiff was ostensibly employed by Defendants as an office manager from approximately July 29, 2024 to September 5, 2025, at Michele Vozzella Speech Therapy PLLC (d/b/a Thrive Together Speech Therapy).

3. Defendants failed to pay Plaintiff minimum wage, overtime compensation, and spread-of-hours pay. Defendants also failed to issue accurate wage notices and statements.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants operate their business here.

## PARTIES

*Plaintiff*

6. Plaintiff Anna Montalvo is an adult resident of Dutchess County, New York, and was employed by Defendants at Thrive Together Speech Therapy from approximately July 29, 2024 to September 5, 2025.

*Defendants*

7. Upon information and belief, Defendant Michele Vozzella Speech Therapy PLLC (d/b/a Thrive Together Speech Therapy) is a New York domestic limited liability company with its principal place of business at 361 Route 202, Somers, NY 10589.

8. Defendant Michele Vozzella is the owner, principal, and/or agent of Michele Vozzella Speech Therapy PLLC(d/b/a Thrive Together Speech Therapy) and operates Michele Vozzella Speech Therapy PLLC (d/b/a Thrive Together Speech Therapy). She had operational control over Plaintiff's employment, including authority to hire and fire, set compensation, establish schedules, and maintain employment records.

9. Defendant Michele Vozzella hired, supervised, and paid Plaintiff and maintained payroll records to the extent any exist concerning Plaintiff.

10. Defendants jointly employed Plaintiff within the meaning of the FLSA and NYLL. Defendants acted in the interest of each other, shared control over Plaintiff's employment, and paid her through a unified system.

11. At all relevant times, each Defendant had authority over Plaintiff's terms and conditions of employment, including wages, hours, and supervision.

12. Defendants had gross annual revenues exceeding $500,000 and were engaged in interstate commerce, including purchasing goods and equipment regularly used in the speech therapy practice from outside New York State.

13. Defendants constituted an enterprise engaged in commerce under the FLSA.

14. Defendant Michele Vozzella was Plaintiff's employer under the FLSA and NYLL.

15. Defendant Michele Vozzella Speech Therapy PLLC (d/b/a Thrive Together Speech Therapy) was Plaintiff's employer under the FLSA and NYLL.

## DEFENDANTS' WAGE AND HOUR VIOLATIONS

16. Plaintiff regularly worked in excess of 40 hours per week without lawful compensation.

17. From approximately July 29, 2024 until September 5, 2025, Plaintiff usually worked from 8:00 a.m. until at least 6:00 p.m., Mondays through Fridays. In addition, Plaintiff worked 5 hours on weekends, three times per month (typically 55 - 60 hours per week).

18. Plaintiff was not granted breaks or meal periods.

19. Defendants did not maintain accurate time records or use a reliable timekeeping system.

20. Defendants were aware of Plaintiff's extended work hours and nonetheless failed to pay overtime or maintain lawful payroll records, demonstrating willful disregard of their wage-and-hour obligations.

21. Throughout her employment, Plaintiff was paid $20 per hour.

22. Plaintiff was paid via direct deposit, Zelle, and Venmo.

23. However, Plaintiff was usually only compensated for 40 hours per week.

24. Plaintiff's pay did not vary when she worked extended hours, and because Defendants failed to compensate her for all hours worked, including weekend and off-the-clock work, her effective rate of pay fell below the applicable minimum wage.

25. Defendants failed to issue the wage notice required by NYLL § 195(1), denying Plaintiff essential information about her pay rate, employer's identity, and payday.

26. Defendants did not provide Plaintiff with wage statements compliant with NYLL § 195(3). To the extent statements were provided, they contained inaccurate information regarding hours and wages.

27. As a result of Defendants' failure to provide Plaintiff a Notice of Pay Rate or accurate wage statements with each payment of wages, Plaintiff was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

## **DEFENDANTS' PAYROLL RECORDKEEPING VIOLATIONS**

28. Defendants maintained a policy and practice of:

- Requiring Plaintiff to work over forty (40) hours per week without minimum wage or overtime pay;

- Failing to pay spread-of-hours premiums;

- Failing to maintain accurate payroll records;

- Paying wages irregularly and below promised amounts.

29. These practices reflect a willful disregard for federal and state labor laws, and Plaintiff was directly harmed as a result.

## FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

30. Plaintiff Montalvo repeats and realleges all preceding paragraphs as though fully set forth herein.

31. At all relevant times, Defendants were Plaintiff's "employers" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), with authority to hire and fire her, control over her working conditions, and responsibility for determining her pay.

32. Defendants were engaged in commerce or in an enterprise affecting commerce, within the meaning of 29 U.S.C. § 203(b), (r), and (s).

33. Defendants failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. § 206(a).

34. This violation was willful under 29 U.S.C. § 255(a).

35. Plaintiff suffered damages in an amount to be determined at trial including all lost wages, liquidated damages, attorney's fees, costs, interest and such other and further relief as is proper.

## SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

36. Plaintiff repeats and realleges all preceding paragraphs.

37. Defendants failed to pay Plaintiff overtime wages at a rate of one and one-half times her regular hourly rate for hours worked over forty in a workweek, in violation of 29 U.S.C. § 207(a)(1).

38. This violation was willful under 29 U.S.C. § 255(a).

39. Plaintiff suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Violation of the New York Minimum Wage Act

40. Plaintiff repeats and realleges all preceding paragraphs.

41. At all relevant times, Defendants were Plaintiff's "employers" under N.Y. Lab. Law §§ 2 and 651.

42. Defendants failed to pay Plaintiff the required minimum wage, in violation of NYLL § 652(1) and applicable regulations.

43. This violation was willful under NYLL § 663.

44. Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### Violation of the Overtime Provisions of the NYLL

45. Plaintiff repeats and realleges all preceding paragraphs.

46. Defendants failed to pay Plaintiff overtime wages at one and one-half times her regular hourly rate for hours worked over forty in a workweek, in violation of NYLL § 190 et seq. and applicable regulations.

47. This violation was willful under NYLL § 663.

48. Plaintiff suffered damages in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### Violation of the Spread of Hours Provisions of the NYLL

49. Plaintiff repeats and realleges all preceding paragraphs.

50. On days when Plaintiff's workday exceeded ten hours, Defendants failed to pay an additional hour's wage at the minimum rate, as required by 12 N.Y.C.R.R. § 142-2.4 and NYLL §§ 650 et seq.

51. This violation was willful under NYLL § 663.

52. Plaintiff suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Failure to Provide Wage Notice Under NYLL § 195(1)

53. Plaintiff repeats and realleges all preceding paragraphs.

54. Defendants failed to provide Plaintiff with a written wage notice at the time of hiring, as required by NYLL § 195(1), including the rate(s) of pay, basis thereof, allowances claimed, employer name and contact details, and regular payday.

55. Plaintiff is entitled to statutory damages of $5,000, plus reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements Under NYLL § 195(3).

56. Plaintiff repeats and realleges all preceding paragraphs.

57. With each payment of wages, Defendants failed to provide a wage statement listing hours worked, rates of pay, gross and net wages, deductions, and other required information, in violation of NYLL § 195(3).

58. Plaintiff is entitled to statutory damages of $5,000, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Montalvo respectfully requests that this Court enter judgment in her favor and against Defendants, and grant the following relief:

a. Unpaid Wages: An award of unpaid minimum wages and unpaid overtime compensation due under the FLSA and NYLL, in amounts to be determined at trial;

b. Spread of Hours Compensation: An award of unpaid "spread of hours" compensation pursuant to the NYLL and applicable regulations;

c. Statutory Damages: An award of statutory damages for Defendants' failure to provide a wage notice upon hire, as required by NYLL § 195(1), in the amount of $5,000;

d. Statutory Damages: An award of statutory damages for Defendants' failure to provide accurate wage statements with each payment of wages, as required by NYLL § 195(3), in the amount of $5,000;

e. Liquidated Damages: An award of liquidated damages under the FLSA and NYLL for all wage-related violations determined to be willful;

f. Prejudgment and Post-Judgment Interest: An award of prejudgment and post-judgment interest as permitted by law;

g. Attorneys' Fees and Costs: An award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA and NYLL; and

h. Further Relief: Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Montalvo demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York  
        December 18, 2025

Sacco & Fillas LLP

By: _____/s/ *Clifford Tucker*_____  
    Clifford Tucker, Esq.  
    3119 Newtown Ave, Seventh Floor  
    Astoria, NY 11102  
    Tel: 718-269-2243  
    Fax: 718-679-9660  
    ctucker@saccofillas.com  
    Attorneys for Plaintiff

**NOTICE OF INTENTION TO ENFORCE LIMITED LIABILITY COMPANY MEMBER LIABILITY FOR SERVICES RENDERED**

**TO**: MICHELE VOZZELLA

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 609(c) of the Limited Liability Company Law of New York, you are hereby notified that Anna Montalvo intends to charge you and hold you personally liable, jointly and severally, as a member and/or owner with a controlling ownership interest of MICHELE VOZZELLA SPEECH THERAPY PLLC (D/B/A OTI) for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York  
December 18, 2025

Sacco & Fillas LLP

By: _____/s/ Clifford Tucker_____  
Clifford Tucker, Esq.  
3119 Newtown Ave, Seventh Floor  
Astoria, NY 11102  
Tel: 718-269-2243  
Fax: 718-679-9660  
ctucker@saccofillas.com  
Attorneys for Plaintiff

9

**DEMAND BY MEMBER TO INSPECT RECORDS AND DOCUMENTS PURSUANT TO SECTION 1102 OF THE NEW YORK LIMITED LIABILITY COMPANY LAW AND SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: MICHELE VOZZELLA SPEECH THERAPY PLLC and MICHELE VOZZELLA

PLEASE TAKE NOTICE that each and every member of the above-named limited liability company, and others similarly situated, who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf, HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the following records of the Company: (1) a current list of the full names and last known mailing addresses of all members and managers; (2) a copy of the Articles of Organization and all amendments thereto; (3) the current Operating Agreement and any amendments thereto; (4) the Company's federal, state, and local income tax returns for the past three years; (5) financial statements for the past three fiscal years; (6) minutes or records of any meetings of members or managers and any written consents or resolutions adopted without a meeting; and (7) all other books and records of account and internal documentation relating to the business and financial condition of the Company. The inspection will take place on or after five (5) days from receipt of this notice.

Dated: Queens, New York  
December 18, 2025

Sacco & Fillas LLP

By: _____/s/ *Clifford Tucker*_____  
Clifford Tucker, Esq.  
3119 Newtown Ave, Seventh Floor  
Astoria, NY 11102  
Tel: 718-269-2243  
Fax: 718-679-9660  
ctucker@saccofillas.com  
Attorneys for Plaintiff

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under each and every federal and state wage and hour law, rule and regulation which may include but is not limited to the federal Fair Labor Standards Act, New York Labor Law, New Jersey Wage and Hour Law, and any other applicable law, rule, regulation, and wage order. If I am not a named Plaintiff(s), I authorized the named Plaintiffs to make all decisions involving this litigation and settle this action on behalf. I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Name: Anna Montalvo

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature: Anna Montalvo (Sep 24, 2025 17:01:11 EDT)        Date: **September 24, 2025**